UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 6:25-CV-00012-KKC

GLENDON GILBERT                                                                                    PLAINTIFF

v.                                         **OPINION AND ORDER**

CSX TRANSPORTATION, INC.                                                            DEFENDANT

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on a motion to dismiss or transfer (R. 4) this action for lack of personal jurisdiction filed by Defendant CSX Transportation, Inc. For the following reasons, the Court will grant the motion.

**I. Background**

Plaintiff Glendon Gilbert is a Kentucky resident employed by CSX, which is incorporated in Virginia and maintains a principal place of business in Florida. In February 2022, Gilbert worked as a Senior Railroad Equipment Manager in Georgia. He and his coworkers were in the process of moving supplies into a trailer. Gilbert was injured when he was sliding a heavy object out from underneath a shelf, hurting his back. He brings this action against CSX under the Federal Employers' Liability Act (FELA), 45 U.S.C. §51 *et seq*. CSX moves to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the action to the United States District Court for the Middle District of Georgia.

## II. Analysis

For personal jurisdiction to exist over a defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction can be general or specific depending on the type of contacts the defendant has with the state. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction is proper where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant, even if the action is unrelated to the defendant's contacts with the state. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). The continuous and systematic contacts must render the defendant "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

For specific jurisdiction, the defendant's contacts with the forum state must satisfy the state's long-arm statute and constitutional due process. *Bird*, 289 F.3d at 871. In July 2024, Kentucky amended its long-arm statute. It now states that a "court may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States[.]" Ky. Rev. Stat. Ann. § 454.210. This means that Kentucky's long-arm statutes extends jurisdiction "to due process's limits." *Premier Packaging, LLC v. Sticky Fingers Sweets & Eats, Inc.*, No. 3:24-cv-427, 2025 WL 359324, at *3 (W.D. Ky. Jan. 31, 2025). Accordingly, if jurisdiction satisfies the Due Process Clause, it satisfies Kentucky's long-arm statute.

Gilbert concedes that this Court lacks specific jurisdiction. (R. 8 Response 2.) Thus, the Court will address only general jurisdiction.

For a corporation, the place of incorporation and the principal place of business are the basis for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). CSX is incorporated in Virginia and maintains a principal place of business in Florida. Because CSX does not have its principal place of business in Kentucky, and it is not incorporated in Kentucky, the traditional methods for obtaining general jurisdiction are unavailable.

However, a corporation's principal place of business and its place of incorporation are not the only way to establish general jurisdiction over a defendant. In an "exceptional case," a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). This is a high bar as illustrated by *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952). In that case, war had forced the defendant corporation's owner to temporarily relocate his enterprise from the Philippines to Ohio. Because Ohio then became the center of the corporation's wartime activities, suit was proper there. *Id.* at 448.

Gilbert argues that CSX's Kentucky operations qualify as an "exceptional case" due to the magnitude of business that CSX conducts in the state. Gilbert raises several points to support his position: CSX operates more than 2,900 miles of track in Kentucky, maintains 2,680 public and private grade crossings, employs nearly 1,070 Kentuckians, and operates many terminals in the state. (R. 8 Response 3-4). The general jurisdiction analysis, however, requires an appraisal of the corporation's activities in their entirety. *Tyrrell*, 581 U.S. at 414. CSX is a large corporation that operates in 26 states. When CSX's activity in Kentucky is compared to the activity in the other states where CSX operates, the activity is not substantial enough to render CSX at home in

Kentucky. Kentucky's 2,790 track miles are similar to its presence in states like Georgia (2,600 miles) and Florida (2,354), and CSX does not have nearly as many miles of track in Kentucky as in Ohio (3,886).

Further, CSX points out that Kentucky ranks 5th among the states in the number of CSX employees, 12th in dollars of community investment, and 9th in dollars of capital investment. (R. 9 Reply 3.) Kentucky also ranks 16th in annual carloads transported across the state. *Id.* Looking at CSX's activities as a whole, Kentucky is a middle ground for CSX's activities, not a home.

*Tyrrell* proves this point. In *Tyrrell*, a railroad company similar to CSX operated over 2,000 track miles and employed over 2,000 people in Montana. *Tyrrell*, 581 U.S. at 414. Similar to CSX, the railroad company neither had its principal place of business in Montana nor its place of incorporation there. *Id.* The Court ruled that the railroad company could not be found at home in Montana and that a "corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* CSX is in a similar situation. It operates over 2,000 track miles and employs over 1,000 people in Kentucky but that is not enough to consider CSX at home in Kentucky.

Next, Gilbert argues that this Court should exercise general jurisdiction over CSX because he is a Kentucky resident. He states that CSX knew he was a Kentucky resident when he was hired, and he completed work in Kentucky, making Kentucky connected to this case. (R. 8 Response 4-5). This point would be relevant in a specific jurisdiction analysis, but general jurisdiction has never been about a plaintiff's relationship to the forum. *Brown*, 564 U.S. at 929 n.5. The sole purpose of a general jurisdiction analysis is to analyze whether a corporation's contacts in a state are so momentous that any suit can be brought against it there, even if the action does not relate to those contacts. *Bird*, 289 F.3d at 873.

This lawsuit does not fall into the category of an "exceptional case." Looking at the entirety of CSX's activities, it cannot be considered at home in Kentucky. General jurisdiction is not proper.

The next issue is whether the case should be transferred to the Middle District of Georgia, where the accident occurred, or dismissed. This Court should transfer a case when "it is in the interest of justice." 28 U.S.C. § 1631. Here, both parties agree that this action could have been brought in the Middle District of Georgia, where the incident occurred, and both parties request transfer to that jurisdiction as alternative relief. Further, it appears that FELA's three-year statute of limitations has run since this case was filed, which is an "especially compelling" reason for transfer rather than dismissal. *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009). Accordingly, the Court will order this case transferred to the Middle District of Georgia.

### III. Conclusion

For all these reasons, the Court hereby ORDERS that CSX's motion dismiss or transfer this action for lack of personal jurisdiction (R. 4) is GRANTED to the extent that this case is TRANSFERRED to the Middle District of Georgia. The Court further hereby ORDERS that this action is STRICKEN from this Court's active docket.

July 14, 2025



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY